**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KEVIN REID, #S05304,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 20-cv-00089-SMY** |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS,** ) | |
| **WEXFORD INC., and** ) | |
| **JACQUELINE LASHBROOK,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kevin Reid, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, filed this action asserting a personal injury claim. (Doc. 1). He alleges that he suffered hearing loss as a result of prolonged exposure to loud exhaust fans that ran continuously for three weeks during demolition of a building adjacent to the housing unit in which he was incarcerated. Plaintiff names IDOC, Wexford Inc. and Menard Warden Lashbrook as Defendants in the case caption but does not make any allegations against them in the Complaint. He merely states that "Defendant" was negligent for a variety of reasons.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.[1] 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff's Complaint does not indicate whether he is pursuing relief under 42 U.S.C. § 1983 or some other law. The Court has construed his Complaint as a Section 1983 action.

Without specific allegations against IDOC, Wexford, or Lashbrook, the Complaint violates Federal Rule of Civil Procedure 8 which requires that a Complaint include a short, plain statement of the case against each individual.  Fed.R.Civ.P. 8(a)(2).  In other words, a plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual or entity. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Moreover, Plaintiff's allegations do not rise to the level of a colorable constitutional claim cognizable via a § 1983 action.  He has not alleged a violation of a constitutional right – only negligence by some unidentified individual.

For the reasons stated, the Complaint fails to state a claim upon which relief can be granted and will be dismissed without prejudice. Plaintiff will, however, be granted leave to file a First Amended Complaint.

### Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is incomplete and is not signed. Accordingly, the motion will be stricken Pursuant to Federal Rule of Civil Procedure 11 (the Court must strike a pleading or motion that is not signed).

### Disposition

Plaintiff's Complaint does not survive 28 U.S.C. § 1915A review, and is therefore **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **STRICKEN**.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **JULY 22,**

**2020.**  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights.  A successful complaint generally alleges "the who, what, when, where, and how ...."  *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.  It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00089-SMY).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

_s/ Staci M. Yandle_____
**STACI M. YANDLE**
**United States District Judge**

4