**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KEVIN REID, #S05304,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00089-SMY |
| | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS,** | ) |
| **WEXFORD INC., and** | ) |
| **JACQUELINE LASHBROOK,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kevin Reid, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth Amendment and seeks monetary damages.

Following preliminary review under 28 U.S.C. § 1915A, Plaintiff's Complaint was dismissed for failure to state a claim for relief. (Doc. 19). He was granted leave to file a First Amended Complaint, which is now before the Court for review under Section 1915A. Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in his First Amended Complaint (Docs. 26, 26-1): Plaintiff suffered hearing loss as a result of prolonged exposure to loud exhaust fans that ran continuously in June and July 2018 during demolition of a building adjacent to the housing unit in

which he was incarcerated.  He notified prison officials and Wexford health care providers on a daily basis that the noise from the exhaust fans was deafening.  After weeks of exposure, he informed Wexford health care providers of rapidly progressing hearing loss and requested a hearing test.  Wexford health care providers delayed the hearing test for ten months.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment conditions of confinement claim against IDOC, Wexford, and Lashbrook for Plaintiff's prolonged exposure to loud noise that resulted in hearing loss.
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for delaying treatment for Plaintiff's hearing loss.

Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

Plaintiff refers to individuals in his statement of claim who are not named as defendants in the case caption.  Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption.  Therefore, any claims intended against the individuals not identified in the case caption are dismissed without prejudice.  *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

Plaintiff names IDOC as a defendant but it is a state government agency not subject to suit for money damages under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71

(1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Therefore, any claims against IDOC are dismissed.

## Discussion

### Count 1

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Further, to state a § 1983 claim a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff does not associate his allegations with any specific Defendant. In a few instances, he makes allegations collectively against the Defendants. He does not describe what each Defendant did or failed to do to violate his constitutional rights. Nor does he describe what role,

if any, each Defendant played with regards to the running of the exhaust fans or when and how each Defendant was notified of the issue. To the extent he seeks to hold the Defendants liable based on their role as a supervisor and/or employer, there is no respondent superior or "supervisor liability" under § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Absent any allegations describing what each Defendant did or failed to do in violation of Plaintiff's constitutional rights, the claim in Count 1 must be dismissed for failure to state a claim.

## Count 2

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

Plaintiff claims Wexford health care providers delayed treatment for his hearing loss. However, he does not name any specific Wexford health care provider as a defendant. Because the doctrine of respondeat superior does not apply to actions filed under Section 1983, his claim against Wexford for the actions or inactions of its employees fails. *Jackson v. Illinois Medi–Car, Inc.*, 300 F.3d 760, 766 (7th Cir.2002) ("a private corporation is not vicariously liable under Section 1983 for its employees' deprivations of others' civil rights."). Further, he had not alleged that any delay in medical treatment occurred as a result of Wexford policies and practices. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). Accordingly, Count 2 must be dismissed for failure to state a claim.

**Disposition**

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **December 11, 2020**. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff files a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (No. 20-cv-00089-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P.

41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 11, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**